UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 10-9745 DSF (CWx) | Date | 1/21/11 |
|---|---|---|---|
| Title | Transportadora Maritima de Baja California, S.A., de C.V. v. Osprey Underwriting Agency Ltd. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

Defendant claims that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Notice of Removal ¶ 6.) Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).

Citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated association is determined by each of its member's citizenship. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Citizenship is determined at the time the case is filed. In re Digimarc Corp. Derivative Litigation, 549

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

F.3d 1223, 1236 (9th Cir. 2008).

Defendant contends that Plaintiff is a citizen of California because Plaintiff provided a California address on an insurance policy dated December 13, 2006. (Notice of Removal ¶ 4; Compl. Ex. A). This does not suffice to establish Plaintiff's citizenship for two reasons. First, neither the Complaint nor the Notice of Removal makes any representations regarding where Plaintiff was incorporated. Second, even if the representation on the policy could establish that Plaintiff's principal place of business was in California in December 2006 – which it does not – that was nearly four years before this lawsuit was filed. Moreover, Plaintiff has explicitly alleged it is headquartered in Mexico. (Compl. ¶ 1.)

Defendant fails even to mention its own citizenship. Assuming Plaintiff is a citizen of Mexico and Defendant (and all its members, if applicable) are citizens of the United Kingdom, as suggested by the Complaint, then the parties are not diverse. Nike, Inc. v. Comercial Iderica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994).

Because Defendant failed to show this Court has subject matter jurisdiction, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.